# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN TSUI GRUNDMANN,<br>c/o State Democracy Defenders Fund<br>600 Pennsylvania Avenue SE #15180<br>Washington, DC 20003<br><br>*Plaintiff*,<br><br>vs.<br><br>DONALD J. TRUMP, in his official capacity as President,<br>1600 Pennsylvania Avenue, NW<br>Washington, D.C. 20500,<br><br>and<br><br>COLLEEN DUFFY KIKO, in her official capacity as chairman of the Federal Labor Relations Authority,<br>1400 K Street NW,<br>Washington, DC 20424<br><br>*Defendants*. | COMPLAINT<br><br>Case No. 25-425 |

## COMPLAINT

Plaintiff Susan Tsui Grundmann ("Plaintiff") challenges President Trump's decision to affect her unprecedented and illegal removal from her position as a duly appointed and Senate confirmed Member of the Federal Labor Relations Authority ("FLRA" or "Authority"). In 1978, Congress enacted the Federal Service Labor-Management Relations Statute (the "Statute"), 5 U.S.C. Ch. 71, as part of the comprehensive Civil Service Reform Act, Pub..L. 95-454, 92 Stat. 1111 (Oct. 13, 1978). In enacting the Statute, Congress established the FLRA as a nonpartisan, independent agency with the mission of administering labor-management relations for non-postal federal employees. The FLRA is composed of three Members who are presidentially appointed with the advice and consent of the Senate. To ensure the FLRA's independence, Congress authorized a Member's removal by the President "only upon notice and hearing and only for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 7104(b). Absent notice, hearing and showing at a hearing, the terms of members shall not expire before the earlier of the date on which the member's successor takes office, or the last day of Congress beginning after the date on which the member's term of office would expire. 5 U.S.C. § 7104(c). The President's removal of Plaintiff for no cause, much less any reasons relating to inefficiency, neglect of duty, or malfeasance, without notice and a hearing, and during an unexpired term, was in flagrant violation of the plain language of the statute.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under federal law.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because Defendants are the President, the Federal Labor Relations Authority, and its Chair and all are located in the District of Columbia.

## PARTIES

3. Plaintiff Susan Tsui Grundmann is a Member of the FLRA, appointed by President Biden and confirmed by the U.S. Senate on May 12, 2022, to a five-year term expiring on July 1, 2025. Even after her term, her tenure would not expire before the earlier of the day on which her successor takes office or the last day of Congress beginning after the date on which her term of office would expire (January 2029, in her case). She was Chair of the FLRA before Defendant Trump improperly removed her.

4. Defendant Donald J. Trump is sued in his official capacity as President of the United States.

5. Defendant Colleen Duffy Kiko is a member of the Federal Labor Relations Authority who was named Chairman of the FLRA on February 11, 2025, after President Trump improperly removed Plaintiff Grundmann.

## FACTUAL ALLEGATIONS

6. Congress created the FLRA to function as an independent agency, consistent with the Supreme Court's decision in *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), which held that members of multi-member, bipartisan agencies, who perform significant quasi-legislative and/or quasi-judicial duties, cannot be removed without cause. The FLRA has all the typical indicia of such agencies, as well as additional indicia of an independent agency. This demonstrates clear Congressional intent to prohibit presidents from removing FLRA members without cause.

7. In creating the FLRA, Congress explicitly found that "the statutory protection of the right of [federal] employees to organize, bargain collectively, and participate through labor organizations of their own choosing in decisions which affect them… safeguards the public interest, contributes to the effective conduct of public business, and facilitates and encourages the amicable settlements of disputes between employees and their employers involving conditions of employment[.]" 5 U.S.C. § 7101(a)(1)(A)-(C).

8. The FLRA's primary statutory duties include resolving unfair labor practice complaints, determining the appropriateness of units for labor organization representation, adjudicating exceptions to arbitrators' awards, adjudicating legal issues relating to the duty to bargain, and resolving impasses during collective bargaining. 5 U.S.C. § 7105(a)(2). Thus, the FLRA's functions are largely quasi-judicial.

9. Congress created the FLRA as a multimember, bipartisan agency: "The Federal Labor Relations Authority is composed of three members, not more than 2 of whom may be adherents of the same political party." 5 U.S.C. § 7104(a).

10. Congress further provided that members (1) are appointed by the President with the advice and consent of the Senate and (2) they can only be removed after notice and a hearing and only for cause. "Members of the Authority shall be appointed by the President by and with the advice and consent of the Senate and may be removed by the President only upon notice and hearing and only for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 7104(b).

11. Members serve five-year terms: "A member of the Authority shall be appointed for a term of 5 years." 5 U.S.C. § 7104(c). When Congress initially enacted the FLRA, it staggered the terms so that no more than two years would elapse before a member's term expired. Pub. L. 95–454, title VII, § 7104 (1978), 92 Stat. 1196.

12. Congress has also included a provision where a member's term "shall not expire until the earlier of (1) the date on which the member's successor takes office, or (2) the last day of the Congress beginning after the date on which the member's term of office would (but for this paragraph) expire." 5 U.S.C. 7104(c).

13. The Statute's legislative history likewise reflects congressional intent to establish "an independent Federal labor relations authority" in order to obtain "the resolution of disputes by the intervention of neutral, independent, third parties…" 124 Cong. Rec. 126 (1978), *reprinted in* Legislative History of the Civil Service Reform Act of 1978 at 811 (1979). As Representative William D. Ford, one of the bill's supporters, stated:

> One of the central elements of a fair labor relations program is effective, impartial administration. Title VII provides for the creation of an independent and neutral Federal labor relations authority to administer the Federal labor management program…[.] Currently the Federal labor-management program is administered by the Federal Labor Relations Council which is composed of three administration officials… none of whom can be considered neutral.

*Id* at 815.

14. The Statute's legislative history further shows Congress's understanding that limiting the removal of an FLRA Member except for cause was the essential guardrail for ensuring the FLRA's impartiality and independence:

> The Federal labor relations authority, patterned after the NLRB, would insure that the administration of this program is free from bias toward either party. Impartiality is guaranteed by protecting authority members from unwarranted "Saturday night" removals.

*Id.*

15. The Statute provides that the President designates one member as Chairman of the Authority and the Chairman serves as the Authority's chief executive and administrator: "The

President shall designate one member to serve as Chairman of the Authority. The Chairman is the chief executive and administrative officer of the Authority." 5 U.S.C. § 7104(b).

16. On February 10, 2025, at 10:46 pm, Plaintiff received an email from Defendant Trent Morse, Deputy Director of the White House Office of Presidential Personnel, which stated in its entirety: "On behalf of President Donald J. Trump, I am writing to inform you that your position on the Federal Labor Relations Authority is terminated, effective immediately." A true and correct copy of the email is attached hereto as **Exhibit A**.

17. The one-sentence email does not allege any inefficiency, neglect of duty, or malfeasance in office by Plaintiff, as required by statute. Moreover, Plaintiff was terminated without notice and hearing as required by statute. *See* Ex. A.

18. Since receiving her termination email, Plaintiff has not been able to perform her duties as Chairman or as a member of the Authority.

19. On February 11, 2025, Defendant Trump named Defendant Kiko as Chairman of the Authority.

20. Plaintiff Grundmann has suffered irreparable harm, including because she has been deprived of her ability to perform her statutory functions and fulfill her statutory obligations, as set forth by Congress, to federal employees who avail themselves of the FLRA. This includes situations where on a particular matter the remaining members are deadlocked 1-1 and Plaintiff Grundmann's vote would be decisive.

21. Plaintiff's termination is one of numerous terminations by Defendant Trump of Presidentially appointed and Senate approved members of independent agencies or other independent government officials.

## CLAIM FOR RELIEF
### (Violation of the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7104)

22. Plaintiff repeats and incorporates by reference each of the foregoing allegations as if fully set forth herein.

23. Under the plain language of the Federal Service Labor-Management Relations Statute, Ms. Grundmann has a clear legal entitlement to retain her position as a member of the Federal Labor Relations Authority: "Members of the Authority shall be appointed by the President by and with the advice and consent of the Senate, and may be removed by the President only upon notice and hearing and only for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 7104(b).

24. President Trump's removal of Ms. Grundmann as a member of the Authority without purporting to identify any neglect of duty or malfeasance, and without providing notice or a hearing, is unlawful under section 5 U.S.C. § 7104(b), and is a clear attempt to contravene Congress's statutory scheme.

25. Ms. Grundmann does not seek an injunction against President Trump but asks for and is entitled to one against Chairman Kiko. Despite Ms. Grundmann's legal right to continue in the position of member of the Board, Defendant Kiko has acceded to her removal and replaced her as Chairman. As Chairman, Defendant Kiko "is the chief executive and administrative officer of the Authority." 5 U.S.C. § 7104(b). Ms. Grundmann has been and continues to be irreparably harmed by Defendant Kiko's actions and is without an adequate remedy at law.

## PRAYER FOR RELIEF

Plaintiff requests that this Court:

1. Declare that Ms. Grundmann was unlawfully removed as a member of the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7104;

2. Enter an injunction against Defendant Kiko, ordering her to reinstate Ms. Grundmann as a member of the Board and to refrain from taking any further action to obstruct Ms. Grundmann's ability to carry out her duties; and

3. Award all other appropriate relief.

Dated: February 13, 2025

Respectfully submitted,

*/s/* Jon M. Greenbaum
Norman L. Eisen, D.C. Bar #435051
Tianna J. Mays, D.C. Bar #90005882 (pro hac forthcoming)
Jon M. Greenbaum, D.C. Bar #489887
Pooja Chaudhuri, D.C. Bar #888314523
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 601-8678
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org
jgreenbaum@justicels.com
pooja@statedemocracydefenders.org